FRANK L. POLK and Others, as Trustees under a Certain Indenture of Trust Created by CLARENCE H. MACKAY, Now Deceased, Dated December 26, 1923, for the Benefit of KATHERINE MACKAY O'BRIEN, Now KATHERINE MACKAY HAWKINS, Plaintiffs, *v.* KATHERINE MACKAY HAWKINS and Others, Defendants.

JOHN WILLIAM MACKAY and JOSEPHINE GWENDOLYN ROSE MACKAY, Petitioners, Appellants; CHARLES WYSONG, Guardian ad Litem, Designated by Order Dated January 8, 1942, Respondent.

Second Department, May 4, 1942.

*Elkan Turk* [*Benjamin Wiener* and *Leo E. Wolf* with him on the brief], for the appellants.

*Edward Henry Neary*, for the respondent.

PER CURIAM. Appeal from an order denying a motion by the parents of two infants under the age of fourteen years to vacate an order appointing a guardian *ad litem* of said infants.

On *December 16, 1941*, the parents presented a petition, verified *that day*, with the consent of their nominee, an attorney and counselor at law, to act as guardian *ad litem*, acknowledged *December 8, 1941*, and his qualifying affidavit, sworn to the *same day*, together with a proposed order containing the name of the nominee as guardian *ad litem*. The justice of the Supreme Court to whom the petition was presented was of the opinion, and rightly so, that insufficient facts were presented to show that the parents had no interest adverse to the infants. It was afterwards disclosed that the nominee was guardian *ad litem* for these infants in certain litigation dealing with other trusts. No mention of this was made either in the petition or in the affidavit of qualification. The justice, being dissatisfied with the petition presented, notified the clerk that he desired to see counsel. Nothing having been heard from counsel, the justice on December 22, 1941, by his clerk communicated directly with the nominee, informing him of the reason the order was not signed and inviting him to see the court the following day. Neither the nominee nor any other person interested appeared or communicated with the court. On January 8, 1942, a member of the Nassau County Bar was duly appointed as guardian *ad litem*.

The nominee says that between December 22, 1941, and January 8, 1942, he was engaged in most important matters and did not have an opportunity to present additional papers. He also says that during the said period he was ill for several days and remained away from his office. It is remarkable, indeed, that the nominee did not find opportunity in some way to communicate with the obliging and considerate justice for a period of seventeen days.

Responsibility for the appointment of a guardian *ad litem* rests with the court. The general rule has been to follow the recommendation of the natural guardians, but that is not compulsory.

Aside from the insufficiency of the papers, the unusual disinterestedness of the nominee, as indicated by what seems to have been a deliberate lack of co-operation, was of itself sufficient to warrant the court in not naming him but another, who, it is disclosed, is a lawyer of high standing at the Nassau County Bar.

The order should be affirmed, without costs.

LAZANSKY, P. J., HAGARTY and CLOSE, JJ., concur; JOHNSTON and TAYLOR, JJ., dissent and vote to reverse the order and to grant the motion.

Order affirmed, without costs.